IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID KEELEY,

       Petitioner,

                                 Case No. 2:15-cv-00972
  v.                              JUDGE MARBLEY
                                 Magistrate Judge King

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

       Respondent.

**OPINION AND ORDER**

On August 24, 2016, the Magistrate Judge recommended that the *Amended Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as procedurally defaulted. *Report and Recommendation* (ECF No. 18). Petitioner has objected to that recommendation. *Objection* (ECF No. 19). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 19) is **OVERRULED**. The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Petitioner's request for an evidentiary hearing is **DENIED**.

Petitioner challenges his convictions after a jury trial in the Washington County Court of Common Pleas on two counts of rape and three counts of gross sexual imposition. The trial court imposed an aggregate sentence of seven years' incarceration. The Ohio Fourth District Court of Appeals affirmed the judgment of the trial court, denied Petitioner's application for reconsideration, and denied Petitioner's application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). The Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal – which he indicated was from both the denial of his motion for reconsideration and the

denial of his Rule 26(B) application -- pursuant to S.Ct.Prac.R. 7.08(B)(4). As outlined in the Magistrate Judge's *Report and Recommendation*, Petitioner also unsuccessfully pursued post conviction relief.

Petitioner claims in this action that the trial court denied him due process by failing to clear jury confusion during deliberations (claim one); that he was denied a fair trial due to the prosecution's use of expert testimony (claim two); that the evidence is constitutionally insufficient to sustain his convictions (claim three); that he was denied a fair trial due to prosecutorial misconduct (claim four); that he was denied the effective assistance of counsel (claim five); that he was denied due process and discovery in violation of Ohio law (claim six); that he was convicted in violation of the Fourth Amendment (claim seven); and that he was improperly prejudiced by statements to the media (claim eight). The Magistrate Judge recommended dismissal of all of Petitioner's claims based on Petitioner's procedural default in failing to raise his claims on direct appeal. To the extent that any of Petitioner's claims may rely on evidence that is not readily apparent from the face of the record, the Magistrate Judge noted that Petitioner failed to raise such issues in his post conviction proceedings, and the record did not reflect that he could meet the strict requirements for the filing of a second post conviction petition under O.R.C. § 2953.23. Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted.

### Claims Five, Six, and Eight

Petitioner objects to the Magistrate Judge's recommendation of dismissal, as procedurally defaulted, of his claim of the denial of the effective assistance of trial counsel (claim five), his claim of the denial of due process and discovery violations (claim six), and his claim of the denial of a fair trial due to pre-trial publicity (claim eight). The Magistrate Judge found that to

the extent that any of the claims relied on evidence that is not readily apparent from the fact of the record, the claims were procedurally defaulted because Petitioner did not raise them in his post conviction proceedings. *Report and Recommendation* (PageID# 1806). In his objections, Petitioner insists that he properly raised these off-the-record claims in his first petition for post conviction relief and points to a *Memorandum of Law in Support of Petition for Writ of Habeas Corpus* and *Appendix*, with attached documents, that, he represents, he submitted in support of these claims in post conviction proceedings. (ECF Nos. 19-1, 19-2).

A brief review of the procedural history in regard to Petitioner's post conviction proceedings is helpful. On December 5, 2011, while his direct appeal remained pending, Petitioner filed a petition for post conviction relief. The trial court dismissed various claims raised in those proceedings, reasoning that those claims were barred by the doctrine of *res judicata*. *State v. Keeley*, No. 13CA34, 2014 WL 800488, at *1 (Ohio App. 4th Dist. Feb. 21, 2014). The state appellate court reversed that portion of the trial court's judgment, holding that *res judicata* did not apply because the direct appeal from the judgment of conviction was still pending. (ECF No. 7-1, PageID# 614-621). Pursuant to the remand of the state appellate court, the trial court entered judgment after finding that appellant had "failed to show that he is entitled to post conviction relief." *State v. Keeley*, No. 13CA34, 2014 WL 800488, at *2 (Ohio App. 4th Dist. Feb. 21, 2014). The state appellate court thereafter affirmed the trial court's dismissal of petitioner's post conviction petition, holding that Petitioner's claims were now barred by Ohio's doctrine of *res judicata*. *Id*. The Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal from that decision. *State v. Keeley*, 141 Ohio St.3d 1455 (Ohio 2015).

The trial court initially dismissed other post conviction claims (*i.e.*, issues Petitioner indicates that he now presents in habeas corpus claims five, six and eight) for failure to submit

evidentiary material sufficient to justify relief. (PageID# 525-26). The appellate court affirmed that portion of the trial court's decision, stating in relevant part as follows:

> We agree that appellant's failure to file supporting evidence does not automatically constitute sufficient grounds to deny the postconviction relief petition. We also agree the wording in the [trial court's] February 27, 2012 judgment might cause appellant to conclude that the trial court dismissed the claims solely for that reason.FN3. However, our reading of the entry as a whole makes clear that the court's reason for the dismissal is that appellant had not made "sufficient operative allegations" to show entitlement to relief under R.C. 2953.21. We believe that the trial court is correct on this point.
>
> FN3: For instance, at one point in the entry the trial court states "Petitioner has submitted no supporting evidence outside the record for any of the claims made [therein are] dismissed."
>
> At this juncture, we observe that appellant's petition is a very lengthy, rambling catalogue of grievances concerning the manner that his criminal case was prosecuted. It is, at best, difficult to read or to understand. Even if we applied a *de novo* standard of review, we would determine that no error is apparent in the trial court's decision. Thus, we can find no abuse of discretion.

*Decision and Judgment Entry* (ECF No. 7-1, PageID#619-21).[1] On June 5, 2013, the Ohio Supreme Court declined to accept jurisdiction of that appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (PageID# 663). Thus, it appears that at least some of Petitioner's claims presented in his post conviction proceedings may have been resolved on the merits.

Even assuming that Petitioner has preserved some of his off-the-record claims for a merits review by this Court, however, the record nonetheless fails to establish that any of these claims warrant federal habeas corpus relief.

---

[1] Respondent argues that this language constitutes an application of the principle of *res judicata* to these claims. *Return of Writ* (ECF No. 7, PageID# 127, n.5).

4

## Standard of Review

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, ––– U.S. ––––, ––––, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

The factual findings of the state appellate court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). "Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)); 28 U.S.C. § 2254(d)(1) (a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable determination

of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith,* 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 562 U.S. at 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ("'[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered

6

and discussed every angle of the evidence.'" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*))); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster*, 563 U.S. at 180. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399.

## Merits

In claim five, Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to locate Petitioner's physician who, Petitioner asserts, would have verified that Petitioner was impotent and therefore could not have performed any sexual act. According to Petitioner, he provided notes from his physician to defense counsel, but his attorney failed to investigate the issue.[2] Petitioner complains that his attorney failed to investigate, interview witnesses, research scientific premises, acquire evidence or records, or provide discovery to the Petitioner. In support of this claim, Petitioner has attached what appear to be urology notes from Petitioner's physical exam of April 15, 2010 (ECF No. 19-2, PageID# 1899); letters from trial counsel dated October 19, 2011, August 11, 2011, and from his appellate counsel, dated November 18, 2011 (PageID# 1900-1902); an article regarding pregnancy and "vaginsmus" (PageID# 1903); a document regarding mental retardation and mental age (PageID# 1904, 1907); case law references (PageID# 1905-06); what appears to be a copy of a

---

[2] Petitioner also raises various issues regarding the denial of the effective assistance of trial counsel which plainly are based on matters that are readily apparent from the face of the record. (*See* ECF No. 19-1, PageID# 1891-92.) For the reasons addressed in the Magistrate Judge's *Report and Recommendation* (ECF No. 18), these claims are procedurally defaulted.

7

medical report pertaining to the alleged victim (PageID# 1910); a list of instances of claimed pre-trial publicity and prejudice (PageID# 1911); an *Affidavit* from Gillian Keeley (PageID# 1913-14); and Petitioner's *Affidavit* (PageID# 1916-20).

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish the second prong of the *Strickland* test, prejudice, a Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

None of the documents Petitioner submits support his claims. To the contrary, on October 19, 2011,[3] defense counsel returned proposed affidavits to Petitioner, indicating that he could not sign them because they were inaccurate. Counsel also indicated that they could not have filed a valid motion for a change of venue because, "[f]rankly, there was virtually no pretrial publicity concerning your case." (ECF No. 19-2, PageID# 1900).

> While it is true, I couldn't find Dr. Potts because she had moved off to California according to the people who knew her [. W]e also discussed the difficulties with her notes, as well as, Dr. Brockett's notes concerning your condition. Your condition, as you well know, was not disabling 100% of the time. Indeed, your wife when confronted by police officers indicated that you had sex just shortly before the revelation to her of the allegations concerning your neighbor.
>
> I've told you and I've told Mrs. Keeley that I believe the only victim's original statement is on a CD and I've been awaiting instructions as to how to get that CD to you. It's my understanding that you can't have CD's so that makes it somewhat problematic for you to get the CD.
>
> … I told you from day one that you had a very difficult case and I told you your case was even more difficult given that you had provided a confession to the police officers and then attempted to retract it by saying that they had fooled you into telling them something that wasn't true. . . .

*Id*. The entirety of this letter does not appear to have been made a part of the record before the Court. In a letter dated August 11, 2011, defense counsel indicates, *inter alia*, that he was able to listen to all of the CD's that had been provided in discovery. (PageID# 1901). Although Petitioner has submitted an *Affidavit* from Gillian Keeley indicating that she could not play the compact disks, that fact, even if true, would not establish the ineffective assistance of trial counsel. Gillian Keeley also asserts that Petitioner was subject to prejudice before and during trial based on erroneous television and newspaper articles "that alleged guilt from the onset and

---

[3] Petitioner's trial commenced on January 10, 2011. On January 13, 2011, the jury returned its guilty verdicts. (*See* ECF No. 7-1, PageID# 201).

incited people to a level of racism and vindictive actions." (PageID# 1915). However, the record offers no support for this conclusory assertion. Petitioner also indicates in his *Affidavit, inter alia*, that the prosecutor bragged and laughed about the case over a week after the trial was over and wore a tie, during trial, "with the emblem and logo for a certain medication that I took mocking the affliction that I have." (PageID# 1919). Even assuming the truth of that allegation, Petitioner has failed to establish prejudice. Moreover, Petitioner does not identify any actions that his attorney should have taken, or inadequate research or investigation of the case, that could have assisted the defense. Further, the record does not indicate that any potential witnesses could have provided exculpatory evidence for the defense. In short, Petitioner has failed to establish the denial of the effective assistance of counsel under the *Strickland* test.

Habeas corpus claims six and eight likewise lack record support. Petitioner alleges the denial of due process based on the prosecution's delivery of discovery on compact discs. This claim plainly lacks merit. As discussed above, defense counsel indicated that he was, in fact, able to review all such discovery material. Moreover, as noted by the state appellate court in rejecting the issue in Rule 26(B) proceedings, Petitioner cannot establish prejudice. (*See* ECF No. 7-1, PageID# 357).

Similarly, as discussed, nothing in the record indicates that Petitioner was denied a fair trial based on prejudicial media publicity regarding the case.

### Claims One through Four, and Seven

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of claims one through four and claim seven as procedurally defaulted. Petitioner argues that the state appellate court incorrectly barred review of claims raised in his petition for post conviction relief as barred under Ohio's doctrine of *res judicata* or as raising the same or similar issues presented

on direct appeal. *Objection* (ECF No. 19, PageID# 1836). He complains that the state appellate court did not refer to all of his arguments in reaching that conclusion. (PageID# 1840-41). Petitioner maintains that he does not need to establish cause for any procedural default, because he properly pursued his claims in post conviction proceedings. (PageID# 1843). Petitioner also complains generally that either the state appellate court or the Magistrate Judge, or both, misconstrued or failed to address all of the issues that he raises.

For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, which will not be repeated herein, the Court does not find Petitioner's arguments to be persuasive. Put simply, the record reflects that Petitioner has failed to establish cause and prejudice for his procedural defaults. Moreover, the record does not establish that Petitioner is the victim of a manifest miscarriage of justice so as to justify a merits review of his procedurally defaulted claims. *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

Therefore, Petitioner's *Objection* (ECF No. 19) is **OVERRULED**. The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

  s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

DATED: October 5, 2016